IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | **Criminal Action No.** |
| vs. | § | **3:22-CR-303-S** |
| | § | |
| KANDACE SHANELL BENNINGFIELD | § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

By electronic order of reference dated March 29, 2023 (doc. 15), before the Court for recommendation are the *Petition for Person Under Supervision*, filed March 2, 2023 (doc. 5), and an *Addendum to Petition for Person Under Supervision*, filed May 5, 2023 (doc. 19). The defendant appeared in person and through counsel for a final revocation hearing on May 23, 2023. Based on the filings, evidence, testimony, oral argument, and applicable law, the defendant's term of supervised release should be **REVOKED**, and she should be sentenced to an additional term of imprisonment of **SIX (6) MONTHS**, with no additional term of supervised release to follow.

**I. BACKGROUND**

On November 12, 2019, Kandace Shanell Benningfield (Defendant) was charged by indictment filed in the Western District of Texas with conspiracy to possess stolen firearms in violation of 18 U.S.C. § 371 (18 U.S.C. §§ 922(j) and 924(a)(2)). (*See* doc. 2 at 6-8.))[1] She pleaded guilty, and by judgment dated October 30, 2020, she was sentenced to 37 months of imprisonment, to be followed by a three-year term of supervised release. (*See id.* at 12-18.) She began her term of supervised release on March 7, 2022, and jurisdiction was transferred to the Northern District of Texas by order dated August 11, 2022. (*See* doc. 1; doc. 5.)

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

**A.**      **Petition**

On March 2, 2023, the supervising United States Probation Officer (USPO) submitted a

petition for person under supervision (Petition) alleging the following violations:

**I.**

**Violation of Mandatory Condition 2**

The defendant shall not unlawfully possess a controlled substance.

**Violation of Mandatory Condition 3**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant
shall submit to one drug test within 15 days of release on probation or supervised release and
at least two periodic drug tests thereafter (as determined by the court), but the condition stated
in this paragraph may be ameliorated or suspended by the court if the defendant's presentence
report or other reliable sentencing information indicates low risk of future substance abuse by
the defendant.

**Violation of Additional Condition**

The defendant shall participate in a substance abuse treatment program and follow the rules
and regulations of that program. The program may include testing and examination during and
after program completion to determine if the defendant has reverted to the use of drugs. The
probation officer shall supervise the participation in the program (provider, location, modality,
duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol
and any and all intoxicants. The defendant shall pay the costs of such treatment if financially
able.

**Nature of Noncompliance**

Kandace Shanell Benningfield violated these conditions of supervised release by using and
possessing methamphetamines, an illegal controlled substance, in or about April 2022. On
April 19, 2022, Ms. Benningfield submitted a urine specimen to Homeward Bound,
Incorporated (HBI) in Dallas, Texas that tested positive for amphetamines. On May 6, 2022,
Ms. Benningfield admitted verbally to U.S. Probation Officer Beau Morris (USPO Morris) to
using methamphetamines on April 18,2022. Furthermore, on May 27, 2022, the national
laboratory confirmed the urine specimen positive for methamphetamines.

Ms. Benningfield violated these conditions of supervised release by using and possessing
methamphetamines, an illegal controlled substance, in or about May 2022. On May 17, 2022,
Ms. Benningfield submitted a urine specimen to HBI that tested positive for amphetamines.
On June 15, 2022, Ms. Benningfield admitted verbally and in liting to USPO Morris to using
methamphetamines on May 17, 2022. Furthermore, on June 17, 2022, the national laboratory

confirmed the urine specimen positive for methamphetamines.

Ms. Benningfield violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about July 2022. On July 14, 2022, Ms. Benningfield submitted a urine specimen to HBI that tested positive for amphetamines. Furthermore, on August 19, 2022, the national laboratory confirmed the urine specimen positive for methamphetamines.

Ms. Benningfield violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about July 2022. On July 22, 2022, Ms. Benningfield submitted a urine specimen to HBI that tested positive for amphetamines. Furthermore, on August 16, 2022, the national laboratory confirmed the urine specimen positive for methamphetamines.

Ms. Benningfield violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about August 2022. On August 11, 2022, Ms. Benningfield submitted a urine specimen to HBI that tested positive for amphetamines. Furthermore, on September 3, 2022, the national laboratory confirmed the urine specimen positive for methamphetamines.

Ms. Benningfield violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about August 2022. On August 26, 2022, Ms. Benningfield submitted a urine specimen to HBI that tested positive for amphetamines. Furthermore, on September 3, 2022, the national laboratory verified the sample was not consistent with human urine. Fahd Naeem Ahmad violated these conditions of supervised release by using methamphetamines, an illegal controlled substance, in or about March 2022. On March 28, 2022, Mr. Ahmad submitted a urine specimen to a contract vendor, Phoenix Associates and Counseling (PACS), in Dallas, Texas, which tested positive for amphetamine. On April 21, 2022, the specimen confirmed positive for methamphetamine.

**II.**

**Violation of Additional Condition**

The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

**Nature of Noncompliance**

Ms. Benningfield violated this condition of supervised release by failing to report to HBI to submit urine specimens as instructed on April 6, 2022, April 18, 2022, May 11,2022, June 6,

2022, June 17, 2022, July 21, 2022, August 10, 2022, August 25, 2022, September 6, 2022, September 15, 2022, September 26, 2022, November 16, 2022, December 6, 2022, January 4, 2023, Januai-y 12, 2023, Tebruary 7, 2023, and February 20, 2023.

Ms. Benningfield violated this condition of supervised release by failing to report to HBI for group counseling sessions on August 29, 2022, September 12, 2022, October 4, 2022, November 3, 2022, November 17, 2022, November 29, 2022.

Ms. Benningfield violated this condition of supervised release by failing to report to HBl for individual counseling sessions on October 20, 2022.

## III.

### Violation of Standard Condition 13

The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

### Violation of Additional Condition

The defendant shall submit to substance abuse testing to determine if the defendant has used a prohibited substance. The defendant shall not attempt to obstruct or tamper with the testing methods. The defendant shall pay the costs of testing if financially able.

### Nature of Noncompliance

Ms. Benningfield violated these conditions of supervised release by failing to follow the instructions of the U.S. Probation Officer by refusing to submit a urine specimen. On February 16, 2023, Ms. Benningfield reported to the U.S. Probation Office in Dallas, Texas, for a meeting with U.S. Probation Officer Stephen Jordan (OSPO Jordan) and she was instructed to provide a urine specimen. Ms. Benningfield refused to submit a urine specimen and verbally and in writing documented her refusal.

## IV.

### Violation of Additional Condition

If the judgment imposes a financial penalty, the defendant shall pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. The defendant shall notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

### Violation of Mandatory Condition 7

If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Violation of Standard Condition No. 14**

If the judgment imposes criminal monetary penalties, it is acondition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

**Restitution - Jointly and Severally**

The defendant shall pay restitution in the amount of $19,762.63 through the Clerk, U.S. District Court, 800 Franklin Avenue, Room 380, Waco, Texas 76701 for transfer to the victims. Payment of this sum shall begin immediately. Defendant Kandace Shanell Benningfield will owe the victims jointly and severally with Lucas James Tighe, 6:19-CR-338-l; William Ryan James, 6:19-CR-338-2; Rosa Lee Kolar, 6:19-CR-338-3; and Trent Michael Freeman, 6:19-CR-338-5. No further payment shall be required after tlie sum of the amounts actually paid by the defendants has fully covered all compensable injuries. The defendant shall pay restitution at a rate of no less than $200 per month, due by the third day of each month, beginning no later than 60 days after the defendant's start of supervision. The Court imposed payment schedule shall not prevent statutorily authorized collection efforts by the United States Attorney. The defendant shall cooperate fully with the United States Attorney for the district within 30 days of any change in mailing or residence address that occurs while any portion of the restitution remains unpaid. The Court determined that the defendant does not have the ability to pay interest and therefore waives the interest requirement. 18 U.S.C. §3612(f)(3)

| Name of Payee | Amount of Restitution |
|---|---|
| RVOS Farm Mutual Insurance Company<br>P. O. B o x 6106<br>Temple, TX 76503 | $13,279.29 |
| Traveler's Insurance<br>P. O. Box 650293<br>Dallas, TX 75265 | $5,883.34 |

**Nature of Noncompliance**

Ms. Benningfield violated these conditions of supervised release by failing to submit consistent monthly payments towards restitution as instructed. Ms. Benningfield failed to submit payments in May 2022, June, July 2022, August 2022, September 2022, October 2022, November 2022, December 2022, January 2023, and February 2023. The restitution outstanding balance is $12,673.16.

(*See* doc. 5.) A summons for Defendant's appearance was issued on March 3, 2023. (*See* doc. 6.) She made her initial appearance in this district on March 28, 2023, and was released by order setting conditions of release. (*See* docs. 11, 13.)

**B.**      **Addendum to Petition**

On May 5, 2023, the supervising USPO submitted an addendum to the petition for person

under supervision (Addendum) that corrected the Petition (noted in italicized text) and also alleged

additional violations:

**Corrections to the Petition for Person Under Supervision:**

**Violation of Mandatory Condition 2**

The defendant shall not unlawfully possess a controlled substance.

**Violation of Mandatory Condition 3**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Nature of Noncompliance**

Ms. Benningfield violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about August 2022. On August 26, 2022, Ms. Benningfield submitted a urine specimen to Homeward Bound, Incorporated (HBI), in Dallas, Texas, that tested positive for amphetamine. *Furthermore, on September 20, 2022, the national drug testing laboratory, Abbott, confirmed the sample positive for methamphetamine.*

**VI.**

**Violation of Additional Condition**

The defendant shall participate in a substance abuse treatment program and follow the rules and
regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant shall pay the costs of such treatment if financially able.

**Nature of Noncompliance**

Ms. Benningfield violated this condition of supervised release by when she failed to submit urine
specimens, as instructed, to HBI, in Dallas, on March 27, 2023.

Ms. Benningfield violated this condition of supervised release by failing to report to HBI, in
Dallas, for group counseling sessions on April 6, 2023.

(*See* doc. 19 (*emphasis original*)).

## C.    **Hearing**

Defendant appeared for a final revocation hearing on May 23, 2023. After her competence was established, Defendant testified under oath that she understood the violations alleged in the petitions, and the range of punishment for those violations. She also understood that she had the right to plead not true and have a hearing concerning whether she committed those violations, and that revocation was mandatory. Despite her understanding, Defendant knowingly and voluntarily consented to enter a plea of true  before a United States Magistrate Judge to the violations alleged in the Petition, as corrected and supplemented in the Addendum, except for the alleged failure to provide a drug test on March 27, 2023.[2]  She sought to be heard, however, on the issue of the appropriate sentence.

At the conclusion of the hearing, it was orally recommended that the plea of true be accepted by the district judge, that Defendant's term of supervised release be revoked, and that she be sentenced to an additional term of imprisonment of **SIX (6) MONTHS**, with no additional term of supervised release to follow.  Defendant was advised that (1) a formal written recommendation would issue; (2) she would have 14 days to object to the recommendation; (3) she had a right to appear and speak, and to have her counsel appear and speak, before the district judge prior to sentence being imposed; and (4) she could waive these rights.

---

[2]The government elected to not proceed on the alleged failure to provide a drug test on March 27, 2023, the day of her initial appearance.

## III. SENTENCE

Section 3583(e)(3) of Title 18 provides that after considering the factors set out in §

3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), a court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3). The relevant factors in § 3553(a) to be considered are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> ***
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>> ***
> (4) the kinds of sentence and the sentencing range established for--
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>>> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>>> (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement--
>> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28,

United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a), 3583(e)(3).[3]  Revocation of a term of supervised release is mandatory if the defendant possesses a controlled substance, possesses a firearm, refuses to comply with drug testing, or tests positive for illegal controlled substances more than three times over the course of one year. 18 U.S.C. § 3583(g).

Based on her knowing and voluntary plea of true, the Court finds that Defendant has violated the mandatory and special conditions alleged in the Petition, as corrected and supplemented in the Addendum, except for the alleged failure to provide a drug test on March 27, 2023.  Because she violated her conditions of supervised release by possessing a controlled substance and refusing to comply with drug testing, revocation of her supervised release is mandatory.

As set out in the Petition, the statutory maximum term of incarceration upon revocation of Defendant's supervised release is two years.  (*See* doc. 5 at 5 (citing 18 U.S.C. § 3583(e)(3)).)  Based upon a violation grade of C and a criminal history category of IV, the resulting range of imprisonment under United States Sentencing Guideline (USSG) § 7B1.4(a), p.s., is 6 to 12 months. (*See id.* at 6.) Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation, but the maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

---

[3] The Fifth Circuit Court of Appeals has held that courts may not consider the factors listed in § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. *United States v. Miller*, 634 F.3d 841 (5th Cir. 2011).  Nor may courts impose or lengthen a prison term in order to foster a defendant's rehabilitation. *United States v. Tapia*, 131 S.Ct. 2382 (2011).

release, less any term of imprisonment imposed upon revocation. (*See id.* at 5, citing 18 U.S.C. §

3583(h); *U.S v. Jackson*, 559 F.3d 368 (5th Cir. 2009).) Defendant is subject to a maximum term of

supervised release of up to three years, minus the revocation sentence. (*See id.,* citing 18 U.S.C. §

3583(h).)

After considering only the facts alleged in the Petition, as corrected and supplemented in the

Addendum, except for the alleged failure to provide a drug test on March 27, 2023, and Defendant's

plea of true, as well as the relevant factors identified in § 3583(e) that are set forth in § 3553(a), and

not considering any factor that it is precluded from considering under Supreme Court or Fifth Circuit

authority, the Court finds that a custody sentence of **SIX (6) MONTHS,** with no additional term of

supervised release to follow, is sufficient but not greater than necessary to accomplish the relevant

sentencing objectives. This sentence is warranted under the facts of this case set out in the Petition.

Defendant began testing positive for methamphetamine within one month of beginning her term of

supervised release and has tested positive for illegal substances on 6 occasions. She has admitted using

illegal substances regularly, she repeatedly failed to report for treatment and drug testing, and she

refused to comply with her supervising officer's instructions to provide a urine specimen on one

occasion. The U.S. Probation Office did everything it could to assist her, which demonstrated that she

was neither willing nor ready to commit to behavioral change. Given her most recent efforts to commit

to behavioral change, including her sobriety and compliance with her testing and counseling

conditions of release since her initial appearance, however, a custody sentence at the bottom of the

guideline range with no additional term of supervised release to follow will assist in serving as a

deterrent to further drug use and criminal behavior and will afford adequate deterrence and protect the

public from further crimes.

## IV.  RECOMMENDATION

Defendant's plea of true to the violations in the Petition, as corrected and supplemented in the Addendum, except for the alleged failure to provide a drug test on March 27, 2023, should be accepted, her term of supervised release should be **REVOKED**, and she should be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIX (6) MONTHS**, with no additional term of supervised release to follow.

**SO RECOMMENDED on this 23rd day of May, 2023.**


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE